UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AMY WILSON | * | |
|    Plaintiff | * | CASE NO. 6:21-cv-3221 |
| | * | |
| VERSUS | * | |
| | * | JUDGE |
| | * | |
| DOLGENCORP, LLC AND | * | |
| DG LOUISIANA, LLC D/B/A | * | |
| DOLLAR GENERAL | * | MAGISTRATE |
|    Defendant | * | |
| | * | A JURY IS DEMANDED |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

TO:   The Honorable Judges
        of the United States District Court
        for the Western District of Louisiana

Defendants, **DG LOUISIANA, LLC** and **DOLGENCORP, LLC**, (together hereinafter, "DG Louisiana, LLC") respectfully submit this Notice of Removal of the above-styled matter, and as cause therefore shows as follows.

1.

On the 5th day of April, 2021, the attached Petition was filed in the 13th Judicial District Court for the Parish of Evangeline, State of Louisiana, entitled *Amy Wilson v. Dolgencorp, LLC and DG Louisiana, LLC d/b/a Dollar General*, bearing case number 79258-B.[1]

2.

---

[1] See Exhibit A, Plaintiff Petition for Damages.

Plaintiff's Petition for Damages alleges personal injuries sustained as a result of a slip and fall incident on June 23, 2020 at a Dollar General Store located in Ville Platte, Louisiana.[2] On August 5, 2021, Plaintiff produced her responses to DG Louisiana, LLC's first set of discovery requests. According to Plaintiff, she sustained injuries to her left side of her body, low back, hip, and shoulder as a result of the incident and continues to experience pain over a year following the alleged incident.[3]

In discovery, DG Louisiana, LLC asked Plaintiff to specify whether her alleged damages exceeded $50,000 and/or $75,000. Plaintiff provided evasive and unresponsive answers to these requests.[4] Along with her written responses to discovery, Plaintiff produced portions of her medical records which she claims are related to the subject incident. These records show Plaintiff treated with a Dr. Eric Royster on 9/21/20, who reviewed lumbar MRI imaging and interpreted finding of a left sided posterior disc herniation at L5-S1 placing the left L5-S1 roots at risk for impingement, along with findings consistent with potential annular tearing.[5] He recommended a series of two L5-S1 epidural steroid injections, which Plaintiff underwent on 10/21/20 and 11/04/20.[6]

---

[2] See Exhibit A, Petition for Damages, at Paragraphs 4-6.
[3] Exhibit B, Plaintiff's Discovery Responses, at Answer to Interrogatory No. 4.
[4] Exhibit B, Plaintiff's Discovery Responses, at Answer to Interrogatories No. 29, 30.
[5] Exhibit C, Medical Records from Guardian Care, at C-005 through 006.
[6] Exhibit C, Medical Records from Guardian Care, at C-002, C-009. Subp 1, 9-10

Dr. Royster later obtained imaging on Plaintiff's left hip, which revealed (1) subacute left linear non-displaced fracture in the sacroiliac joint; (2) bilateral bursitis; and (3) bilateral tendinopathy. He eventually recommended that Plaintiff undergo a left GT bursa injection as well as left SI-joint injections.[7] Based on this information, if proven, Plaintiff's alleged damages will exceed the diversity jurisdictional requirement of $75,000.[8]

3.

As required under Louisiana law, Plaintiff's Petition did not specify an amount of damages sought. The Fifth Circuit Court of Appeals has established the framework for resolving jurisdictional disputes where no specific amount of damages is asserted in the Petition.[9] The removing defendant must prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[10] The defendant may make this showing in two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely in excess of $75,000, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount."[11]

In this case, because it was not facially apparent from Plaintiff's Petition for Damages that the amount in controversy exceeds $75,000, defendant submits that the medical records received

---

[7] Exhibit D, Additional Guardian Care Records Received via Subpoena, at D-002 through 003.
[8] See, e.g. *Trahan v. Deville*, 933 So.2d 187 (La. App. 3 Cir. 2006) (awarding $75,000 in general damages to a woman who underwent spinal injections and therapy or neck and back injuries); and *Donaldson v. Hudson Ins. Co.*, 116 So.3d 46 (La. App. 4 Cir. 2013) (awarding $125,000 in general damages to a man who sustained cervical and lumbar disc herniations, requiring cervical injections and a recommended rhizotomy).
[9] *James v. Home Depot USA, Inc.*, 2002 WL 1453824 at *1 (E.D. La. 2002) (*citing Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999)).
[10] *Id.*
[11] *Id.*

from Plaintiff on August 5, 2021, reveal that the amount in controversy exceeds $75,000, exclusive of interest and costs.

3.

Pursuant to 28 U.S.C.A. 1446(b)(3), "[e]xcept as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable."

Here, removal is timely because it was filed within 30 days after receipt of "other paper from which it may first be ascertained that the case is one which . . . has become removable." Specifically, DG Louisiana, LLC first ascertained that this case had become removable on August 5, 2021, when undersigned counsel received the above identified medical records indicating the amount in controversy in this matter will exceed $75,000, exclusive of interest and costs.[12]

4.

This Court has original jurisdiction of this action under 28 U.S.C. § 1332, and this action is, therefore, removable to this court on the basis that:

    A.    The properly joined parties to this action are completely diverse:

        1.    Plaintiff, Amy Wilson, is a person of full age of majority and a domiciliary of the Parish of Evangeline, State of Louisiana;[13]

        2.    DG Louisiana, LLC, is a single member limited liability company whose sole member is Dolgencorp, LLC, a single member limited liability

---

[12] Exhibit C.
[13] Exhibit A, Plaintiff's Petition for Damages.

    company whose sole member is Dollar General Corporation, which is incorporated and has its principal place of business in Tennessee;

  3. Dolgencorp, LLC, is a single member limited liability company, whose sole member is Dollar General Corporation, which is incorporated and has its principal place of business in Tennessee.

4.

B. The amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs.

  1. As is proper under Louisiana law, the Petition does not specify an amount of damages sought. However, Plaintiff has undergone a number of epidural steroid injections in her lumbar spine and has been recommended for additional procedures which she will claim were necessitated by the subject incident.[14]

5.

This is a civil action over which the United States District Court for the Western District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy exceeds $75,000.00, exclusive of interest and costs and complete diversity exists between all adverse and properly joined parties.

---

[14] Exhibit C, at C-002, C-005 through 006, C-009; Exhibit D, at D-002 through D-003. See, e.g., *Trahan v. Deville*, 933 So.2d 187 (La. App. 3 Cir. 2006) (awarding $75,000 in general damages to a woman who underwent spinal injections and therapy or neck and back injuries); and *Donaldson v. Hudson Ins. Co.*, 116 So.3d 46 (La. App. 4 Cir. 2013) (awarding $125,000 in general damages to a man who sustained cervical and lumbar disc herniations, requiring cervical injections and a recommended rhizotomy).

6.

The 13th Judicial District Court for the Parish of Evangeline is located within the Western District of Louisiana pursuant to 28 U.S.C. § 98(c).  Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

7.

DG Louisiana, LLC, prays for a jury trial on all issues.

**WHEREFORE**, removing Defendants, DG Louisiana, LLC and Dolgencorp, LLC, pray that the above action now pending in the 13th Judicial District Court for the Parish of Evangeline, State of Louisiana, be removed therefrom to this Honorable Court. Defendants additionally pray for a jury trial on all issues.

Respectfully submitted,

____/s/ Max C. Hadley_____
TREVOR C. DAVIES (32846)
SHANNON O. HARRISON (26163)
MAX C. HADLEY (38764)
**WANEK KIRSCH DAVIES LLC**
1340 Poydras Street, Suite 2000
New Orleans, LA 70112
Telephone:  504-324-6493
Facsimile:  504-324-6626
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by electronic mail and/or by placing same in the U.S. Mail, postage prepaid and properly addressed this 3rd day of September, 2021.

____/s/ Max C. Hadley_____